(Hamilton County Court of Common Pleas.)

BODE v. MUNGAVIN, Constable.

*The issuance and serving of writs of execution and restitution in forcible entry and detainer cases.*

(Decided November 1895.)

WILSON, J.

The plaintiff's petition alleges that on the 26th day of October, 1895, he recovered a judgment rendered by Squire Gass in a forcibly entry and detainer case, and that on November 6th he requested that a writ fo execution and restitution be issued, which was done, and was delivered to the defendant constable, who refused to execute the writ, and the ten days having expired, the plaintiff claimed that he had suffered $500 damages. To this petition a demurrer was filed.

Counsel for the defendant claimed that the magistrate is required to issue a writ of restitution within ten days after the rendition of the judgment, and more than ten days having intervened in this case, the writ was void, and the constable was not bound to serve it.

Held, That the issuance and serving of a writ of restitution in a forcible entry and detainer cases is governed by secs. 6611 & 6612, Rev. Stat.

That this was a special proceeding, and was not governed by sections 6648 and 6649. Rev. Stat.

That under sections 6611 and 6612, the magistrate was required to issue a writ of execution and restitution when requested so to do by the attorney for the plaintiff.

That the statute does not require that such request shall be made within ten days from the rendition of the judgment.

That the writ when issued and delivered to the constable, must be served by him within ten days from the time of the issuing of the writ.

That the writ issued by Squire Gass was a valid writ, although issued more than ten days after the rendition of the judgment.

That the constable by refusing to execute the writ within ten days after its reception by him, was guilty of failing to perform his duty, and was liable to the plaintiff for any injury he may have suffered.

August H. Bode, for plaintiff; John A. Slattery, contra.